UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA ROBERTSON, and VAUGHN E. ROBERTSON, wife and husband,<br><br>    Plaintiffs,<br><br>    v.<br><br>MEDICAL ASSOCIATES OF YAKIMA, PLLC,<br><br>    Defendant. | NO.  CV-03-3109-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment on All Claims (Ct. Rec. 55).  A hearing was held on the motion on August 30, 2005, in Yakima, Washington.  The Plaintiffs, Sandra Robertson and Vaughn Robertson, were represented by James E. Davis; Defendant, Medical Associates of Yakima, LLC, was represented by Kirk A. Ehlis.  For the reasons stated below, Defendant's motion is granted.

Plaintiffs Sandra and Vaughn Robertson are suing Mrs. Robertson's former employer, Medical Associates of Yakima, PLLC ("MAY"), alleging that she was terminated on August 9, 2002, in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973.  Plaintiffs assert that she was terminated because Defendant believed she was incapable of handling her job duties due to a medical condition, due to the effect of medication being taken for her medical condition, and due to stress related to the job.  Plaintiffs also state claims for wrongful discharge and violation of the Washington Law Against Discrimination.

ORDER GRANTING SUMMARY JUDGMENT * 1

**Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," then the trial court should grant the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**Facts**

Mrs. Robertson was employed by MAY at the Cornerstone Medical Clinic ("Cornerstone"), in Yakima, Washington, from September 1996 to August 8, 2002. Plaintiff was initially hired as a records runner, and she was promoted about three years later to "the position of receptionist/scheduler" (Ct. Rec. 58). Close to this time, Plaintiff was also diagnosed with mixed connective tissue disease. Plaintiff's illness did not influence her promotion or affect her ability to perform the essential functions of her job.

The parties dispute the quality of Mrs. Robertson's relationships and interactions with her co-workers and the patients at Cornerstone. Plaintiff asserts that she was doing her job "perfectly well with a lot of compliments from other staff" (Ct. Rec. 65, #8). Defendant contends that Plaintiff had a poor attitude and treated co-workers and patients rudely and with an abrupt manner (Ct. Rec. 58).

Both parties agree, however, that Plaintiff's supervisor, Joyce Bogatich, suggested that Plaintiff, instead of being terminated, could resign citing health reasons, although they dispute the intent behind Ms. Bogatich's suggestion.  Plaintiffs claim that Ms. Bogatich did not want to look like "the bad guy," and it would be easier on her if Plaintiff would resign (Ct. Rec. 65, #4, 5, 11).  Plaintiff alleges that Ms. Bogatich told her that she "was no longer capable of handling her job due to her illness and the medication she was on" (Ct. Rec. 65, #2).  Defendant argues that Ms. Bogatich only suggested Plaintiff resign citing health reasons *after* terminating her employment to give her "a way to 'save face' by keeping her from having a termination notice in her personnel file" (Ct. Rec. 58, #42).

Defendant offered to reinstate Mrs. Robertson with the same rate of pay and benefits as when she was terminated on December 4, 2002, in a non-clinical position.  Plaintiff turned down the offer, and was hired  in March 2003 to work at another medical clinic in Yakima, full-time, for a higher rate of pay and the same benefits.

**Discussion**

Plaintiffs' case rises and falls with their Americans with Disabilities Act ("ADA" or "Act") claim, for to state a claim under the Rehabilitation Act, Mrs. Robertson must qualify as a disabled person under the ADA.  *Coons v. Secretary United States Dep't Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citing 29 U.S.C. § 794(d)).  The ADA, 104 Stat. 328, 42 U.S.C. §§ 12101 *et seq.*, "prohibits employers from discriminating against disabled individuals on the basis of their disabilities."  *Holihan v. Lucky Stores, Inc.*, 87 F.3d 362, 365 (9th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997) (citing 42 U.S.C. §12112(a)).  A party is "disabled" within the meaning of the ADA if that individual (1) has "a physical or mental impairment that substantially limits one or more of [the individual's] major life activities;" (2) has "a record of such an impairment; or" (3) is "regarded as having such an impairment."  42 U.S.C. § 12102(2).  Whether a person is disabled under

ORDER GRANTING SUMMARY JUDGMENT * 3

the ADA is an "individualized inquiry." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999).

**A.    Physical or Mental Impairment that Substantially Limits a Major Life Activity**

An "impairment" under the ADA is any physiological disorder or condition affecting a body system such as the musculoskeletal or cardiovascular systems, and/or various mental or psychological disorders.  29 C.F.R. § 1630.2(h).  Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."[1]  *Id.* §1630.2(i).  "To establish a substantial limitation [of the major life activity of working], [Plaintiff] must demonstrate that she is 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'"  *Thompson v. Holy Family Hospital*, 121 F.3d 537, 540 (9th Cir. 1997) (citing 29 C.F.R. § 1630.2(j)(3)(i)).  "The inability to perform a single, particular

---

[1]  The EEOC considers working to be a major life activity. 29 C.F.R. § 1630.2(i).  However, the Supreme Court and the Ninth Circuit have questioned the inclusion of working as a major life activity on the ground of circularity. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 492 (1999); *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 795 n. 1 (9th Cir. 2001); *Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222, 1226 n.3 (9th Cir. 2001), *cert. denied* 534 U.S. 1055 (2001). Both have assumed, without deciding, that working was a major life activity. *See Sutton*, 527 U.S. at 492; *Thornton*, 261 F.3d at 795 n.1; *Johnson*, 251 F.3d at 1226 n.3 (discussing the "logical conundra" associated with recognizing "working" as a major life activity, particularly where plaintiff claims she is *regarded as* disabled).

ORDER GRANTING SUMMARY JUDGMENT * 4

job does not constitute a substantial limitation in the major life activity of working." *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000); *see also Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523 (1999). Under the law of the Ninth Circuit, "a plaintiff must present specific evidence about relevant labor markets to defeat summary judgment on a claim of substantial limitation of 'working.'" *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 795 (9th Cir. 2001).

Mrs. Robertson has mixed connective tissue disease, which could qualify as an "impairment" under the ADA. Regardless of whether Plaintiff's illness is an "impairment," however, it does not "substantially limit" a major life activity. Both Plaintiffs and Defendant assert that Mrs. Robertson was able to perform her job up to and after her termination. Additionally, Defendant made Plaintiff an offer of re-employment for a job with comparable wages and benefits in December 2002, and Plaintiff accepted a job with another employer with similar duties to her job at Cornerstone in March 2003. Therefore, Plaintiff clearly is not "disabled" under the ADA's first test for disability. However, Plaintiffs claim that Mrs. Robertson was "regarded as" disabled by Defendant.

**B.    Regarded as Having an Impairment that Substantially Limits a Major Life Activity**

A person is "regarded as" disabled within the meaning of the ADA if "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton*, 527 U.S. at 489; *see also Coons*, 383 F.3d at 886. As with actual impairments, "a perceived impairment must be substantially limiting and significant." *Thompson*, 121 F.3d at 541; *see also Thornton*, 261 F.3d at 798. Plaintiff asserts that she was regarded as disabled in the performance of her job, and this was the reason for her termination. The remaining issue is whether

ORDER GRANTING SUMMARY JUDGMENT * 5

1   Plaintiffs' evidence raises a genuine issue of material fact as to whether she is

2   regarded as substantially limited in the major life activity of working. *See Murphy*,

3   527 U.S. at 525.

4       As discussed above, "to be regarded as substantially limited in the major life

5   activity of working, one must be regarded as precluded from more than a particular

6   job." *Id*. at 523. The Ninth Circuit has recognized the difficulties associated with

7   how to prove one is "regarded as" disabled from working:

8           As the Supreme Court has noted, to recognize "working" as a major life
            activity raises various logical conundra. The mind-bending problems are
9           exacerbated where . . . the claim is not that the plaintiff *is* disabled from
            working, but that she is wrongly *regarded as* disabled from working: Does
10          that mean that the employer must subjectively believe that the plaintiff
            cannot work at a class or broad range of jobs? Why would an employer
11          ordinarily form any view on whether an employee is disabled from
            performing jobs for other employers? Are we therefore to concern ourselves
12          only with the question whether, if the employee was as impaired as the
            employer thought, she would, as an objective matter, be unable to perform a
13          class or broad range of jobs?

14  *Johnson*, 251 F.3d at 1226 n.3 (internal citation omitted). To properly decide

15  whether summary judgment is appropriate here, the Court must face these issues

16  and determine how a plaintiff can prove she was regarded as disabled from the life

17  activity of working.

18      Plaintiffs argue that the test should be subjective. Relying on the language

19  in *Sutton*, Plaintiffs assert that the Court focus on the actual beliefs and intent of

20  the employer at the time of termination, requiring them to show only that

21  Defendant believed Mrs. Robertson was unable to perform a range of jobs.

22  Defendant submits there must be an objective element to the test, *i.e.,* a plaintiff

23  must show that the perceived disability would qualify her under the Act.

24      As demonstrated in the above-quoted language from *Johnson*, the Ninth

25  Circuit has not yet ruled on the issue of how to apply the "substantially limits"

26  definition in regarded as disabled cases. A few courts have applied Plaintiffs'

27  subjective test, stating that a plaintiff must show only that defendant believed

28  plaintiff was unable to perform a broad range of jobs. *Bass v. County of Butte*,

ORDER GRANTING SUMMARY JUDGMENT * 6

2004 WL 1925468, at *5 (E.D. Cal. 2004); *Shaw v. Greenwich Anesthesiology Assocs.*, 137 F. Supp. 2d 48, 58-59 (D. Conn. 2001); *Howard v. Navistar Int'l Transp. Corp.*, 904 F. Supp. 922, 929-31 (E.D. Wis. 1995).  Several circuit courts disagree, requiring an objective prong to determine whether a party falls under the ADA's regarded as disabled definition.  *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 145 (3d Cir. 1998) (*en banc*); *Deas v. River West, L.P.*, 152 F.3d 471, 476 (5th Cir. 1998); *Francis v. City of Meriden*, 129 F.3d 281, 285-87 (2d Cir. 1997).

The Court believes the Ninth Circuit would require both a subjective and an objective element to decide whether a plaintiff was regarded as disabled within the Act.  Therefore, to survive summary judgment in a "regarded as disabled" case under the ADA, a plaintiff must show (1) that her employer believed she had a physical impairment, *and (*2) that, if plaintiff were actually impaired as her employer believes, then she would be unable to perform either an entire class of jobs or a broad range of jobs in various classes.  *Accord Walton v. United States Marshals Serv.*, 2005 WL 146898, at *4 (N.D. Cal. Jan. 20, 2005).

For example, an employee fired because her employer falsely believed she had Tourette Syndrome would satisfy the first prong of the above articulated test, but would fail the second, for Tourette's is not an impairment that would make the employee unable to perform an entire class or broad range of jobs.  In comparison, an employee fired because her employer believed she had severe depression would satisfy both prongs of the test, for severe depression is a qualifying impairment under the ADA.  Including an objective prong in this test ensures that those who successfully assert a "regarded as disabled" claim are among those beneficiaries the ADA was designed to protect.  *See Sutton*, 527 U.S. at 489-90 (discussing the purposes behind the "regarded as disabled" element, including that of addressing society's accumulated myths, fears, and stereotypes about disability).

Here, taking Plaintiffs' evidence as true and drawing all justifiable inferences, Defendant did have a subjective belief that Mrs. Robertson was unable

ORDER GRANTING SUMMARY JUDGMENT * 7

1   to perform her job.  However, Mrs. Robertson's impairment, whether actual or
2   perceived, does not satisfy the objective element of the test.  If Plaintiff had the
3   level of impairment Defendant regarded her as having, it would not have made her
4   unable to perform an entire class of jobs or a broad range of jobs in various classes.
5   Moreover, there is no evidence that Defendant believed that Plaintiff was unable to
6   perform the duties of a range or class of jobs other than her own job.. Because Mrs.
7   Robertson's perceived impairment does not satisfy this test, Plaintiffs have not
8   raised a genuine issue of material fact as to whether Plaintiff was regarded as
9   substantially limited in the major life activity of working.  Therefore, Plaintiff is
10  not disabled under the ADA, and summary judgment on Plaintiffs' ADA and
11  Rehabilitation Act claims is appropriate.

12  **C.     Plaintiffs' State Law Claims**

13          Plaintiffs claim the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331,
14  1332, and 1343(a)(4) (Ct. Rec. 49).  Plaintiffs assert diversity jurisdiction, but at
15  the same time admit all parties are domiciled in the State of Washington.  The
16  Court has supplemental jurisdiction over Plaintiffs' remaining state law claims
17  pursuant to 28 U.S.C. § 1367.  The Court may dismiss these remaining claims
18  under 28 U.S.C. § 1367(c)(3) if the court "has dismissed all claims over which it
19  has original jurisdiction."  Because the Court is granting summary judgment for
20  Plaintiffs' ADA and Rehabilitation Act claims, the only remaining claims are her
21  state law wrongful discharge and Washington Law Against Discrimination claims.
22  These claims are dismissed under section 1367(c)(3) without prejudice, and their
23  dismissal does not operate as a bar against refiling in state court.  *Edwards v.*
24  *Marin Park, Inc.*, 356 F.3d 1058, 1067 n.7 (9th Cir. 2004).

25          Accordingly, having reviewed the record, heard from counsel, and been fully
26  advised in this matter, **IT IS HEREBY ORDERED**

27          1.  Defendant's Motion for Summary Judgment on All Claims (Ct. Rec. 55)
28  is **GRANTED**.

ORDER GRANTING SUMMARY JUDGMENT * 8

1    2.  The District Court Executive is directed to **ENTER JUDGMENT** in
2 favor of Defendant MEDICAL ASSOCIATES OF YAKIMA on Plaintiffs'
3 Americans with Disabilities Act and Rehabilitation Act claims, articulated in
4 sections IV and V of the Amended Complaint (Ct. Rec. 49).
5    3.  Plaintiffs' remaining state claims, for wrongful discharge and
6 Washington Law Against Discrimination, are **DISMISSED** pursuant to 28 U.S.C.
7 §1367(c)(3).
8    4.  The telephonic pretrial conference set for September 9, 2005, is
9 **STRICKEN**.  The jury trial set for September 26, 2005, is **STRICKEN**.
10    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
11 Order and forward copies to counsel and **close the file**.
12    **DATED** this 6th day of September 2005.

14              s/ ROBERT H. WHALEY
              CHIEF UNITED STATES DISTRICT JUDGE

19 Q:\CIVIL\2003\Robertson\robertson.sj3.ord.wpd

ORDER GRANTING SUMMARY JUDGMENT * 9